In re Petition for DISCIPLINARY AC-
TION AGAINST John T. ANDERSON,
Jr., a Minnesota Attorney, Registra-
tion No. 2549.

No. A05–335.

Supreme Court of Minnesota.

June 27, 2007.

---

ORDER

By order filed on November 28, 2005,
we reinstated respondent John T.
Anderson to the practice of law following
suspension and placed him on supervised
probation for a period of two years. The
Director of the Office of Lawyers Profes-
sional Responsibility has filed a petition
for revocation of probation and for further
disciplinary action alleging that respon-
dent committed professional misconduct
warranting public discipline, namely, fail-
ing to comply with the terms of his proba-
tion and the Director's efforts to monitor
respondent's compliance with the terms of
his probation, in violation of Rules 8.1(b)
and 8.4(d), Minnesota Rules of Profession-
al Conduct and our order placing respon-
dent on supervised probation.

Respondent admits his conduct violated
the Rules of Professional Conduct and our
August 11, 2005, order, waives his rights
under Rule 14, Rules on Lawyers Profes-
sional Responsibility (RLPR), and has en-
tered into a stipulation with the Director in
which they jointly recommend that the
appropriate discipline is an extension of
respondent's current supervised probation
for two years from the date that a supervi-
sor signs a consent to supervise.

The court has independently reviewed
the file and approves the jointly recom-
mended disposition.

Based upon all the files, records and
proceedings herein,

IT IS HEREBY ORDERED that the
supervised probation of respondent John
T. Anderson is extended for two years
from the date a supervisor signs a consent
to supervise respondent under the terms
of this order, subject to the following con-
ditions:

a. Respondent shall cooperate fully
with the Director's Office in its efforts to
monitor compliance with this probation.
Respondent shall promptly respond to the
Director's correspondence by its due date.
Respondent shall cooperate with the Di-
rector's investigation of any allegations of
unprofessional conduct that come to the
Director's attention. Upon the Director's
request, respondent shall provide authori-
zation for release of information and docu-
mentation to verify compliance with the
terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Within two weeks from the date this order is filed, respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with the inventory of active client files described in paragraph d below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in his or her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active client file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

f. Respondent shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15, and Appendix 1. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips, bank reports of interest, service charges, and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the Director within 30 days of the approval of this stipulation and thereafter shall be made available to the Director at such intervals as he deems necessary to determine compliance.

BY THE COURT:

/s/ Helen M. Meyer
Associate Justice